IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK ARNOLD, # 230214, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19cv368-WHA |
| | ) | [WO] |
| PATRICE RICHIE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 28, 2019, this court received a *pro se* petition in which Alabama inmate Derrick Arnold presents claims challenging his guilty plea conviction for felony murder entered in the Talladega County Circuit Court in February 2013.[1] (Doc. # 1.) Arnold did not submit his claims on the form for 28 U.S.C. § 2254 petitions. Instead, he used the form for petitions for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, to which he attached several pages setting forth various claims for relief.[2] The arguments Arnold presents in the petition, including a request for an evidentiary hearing,

---

[1] Arnold was sentenced as a habitual offender to life in prison.

[2] Arnold asserts claims that his guilty plea was involuntary; he did not understand the nature of the charges or the consequences of his plea because he suffered from mental problems; he was mentally incompetent to stand trial or be sentenced; he was coerced into pleading guilty to felony murder because the prosecution told him he would face the death penalty if he did not plead guilty to that charge and instead went to trial on charges of capital murder; his attorney coerced him into pleading guilty; there was an inadequate factual basis for his guilty plea; the written plea agreement did not state the charge against him and was undated; his conviction was obtained as the result of a coerced confession; the indictment charging him with four counts of capital murder contained false information because there was only one victim, and his conviction and imprisonment were therefore "false"; and the indictment was invalid because it lacked an Alabama state seal. (Doc. # 1 at 7–14.)

appear to be addressed to the state court, and in various places in the petition he indicates he is seeking relief under Alabama Rule 32.[3] (Doc. # 1 at 3, 7 & 14.)

Arnold's petition was docketed as an action for habeas corpus relief under 28 U.S.C. § 2254. However, because of the ambiguity in Arnold's pleadings, this court entered an order on May 31, 2019, directing Arnold to file a response by June 14, 2019, clarifying whether he intends to seek relief (1) from this court, through a petition for writ of habeas corpus under 28 U.S.C. § 2254, or (2) from the state trial court, through a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[4] (Doc. # 3 at 2.) This court specifically cautioned Arnold that his failure to comply with its May 31, 2019 order would result in a recommendation that his case be dismissed. (*Id.*)

The requisite time has passed, and Arnold has filed nothing in response to the court's May 31, 2019 order. Consequently, the court concludes that dismissal of this case without prejudice is appropriate for Arnold's failure to comply with the court's order. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED WITHOUT PREJUDICE for Petitioner Arnold's failure to comply with the order of this court.

---

[3] Arnold also moved to proceed *in forma pauperis* using a form that applies to Alabama Rule 32 petitions. (Doc. # 2.)
[4] The court's order also advised Arnold that if his intention is to seek relief through a petition for writ of habeas corpus under 28 U.S.C. § 2254, the furtherance of justice and judicial economy would be best served by transferring any § 2254 petition challenging his Talladega County conviction to the United States District Court for the Northern District of Alabama for review and disposition. (Doc. # 3 at 2 n.1.)

It is further ORDERED that on or by July 19, 2019, Arnold may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Arnold is advised that this Recommendation is not a final order; therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE this 5th day of July, 2019.

　　　　　　　　　　　/s/ Charles S. Coody　　　　　
　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE